THOMPSON COBURN LLP
HELEN B. KIM, CSB 138209
hkim@thompsoncoburn.com
2029 Century Park East, 19th Floor
Los Angeles, California 90067
Tel: 310.282.2500 / Fax: 310.282.2501

Attorneys for Defendant
SCOTTRADE, INC.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN HINE, on Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SCOTTRADE, INC., and DOES 1 through 25, inclusive,<br><br>Defendants. | CASE NO. '17CV1796 DMS AGS<br><br>**SCOTTRADE, INC.'S RENEWED NOTICE OF REMOVAL** |

## RENEWED NOTICE OF REMOVAL

Defendant Scottrade, Inc. ("Scottrade") respectfully notifies this Court in accordance with 28 U.S.C. §§ 1441 and 1446(a), 28 U.S.C. § 1331, and the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), of its renewed removal of the putative class action styled *Hine v. Scottrade, Inc.*, No. 37-2016-00035493-CU-MC-CTL, from the Superior Court of the State of California, County of San Diego, to the U.S. District Court for the Southern District of California.

This Court initially remanded the above-captioned cause of action to California State Court on the basis of a ruling from the U.S. District Court for the Eastern District of Missouri that Plaintiff lacked Article III standing to bring his claim in federal court. *No. 16-CV-2787 JM JLB*, ECF No. 14. The Court, in its

remand order, held that "based on the Eastern District of Missouri's ruling, Hine does not have standing to pursue this claim in federal court **unless and until the Eighth Circuit reverses that ruling**." *Id*. at p. 3 (emphasis added). On August 21, 2017, the Eighth Circuit did reverse the lower court's standing ruling, holding that Hine and his co-plaintiffs had Article III standing to bring their claims in federal court. *Matthew Kuhns v. Scottrade, Inc.*, No. 16-3542, Opinion at 2. Scottrade therefore renews its removal of this action in light of the Eighth Circuit's ruling that Plaintiff has standing to pursue his claim in federal court.

In support of its Renewed Notice of Removal, Scottrade states as follows:

## FACTUAL AND PROCEDURAL BACKGROUND

1.  Scottrade is a securities brokerage firm based in St. Louis, Missouri, that provides brokerage and other financial services to its customers. (Ex. A, Compl. ¶¶ 14, 34-35).

2.  Nearly four years ago, cybercriminals hacked into Scottrade's computer systems and accessed databases that contained information for certain of Scottrade's customers. (Ex. A, Compl. ¶ 1).

3.  Because the conduct of the cybercriminals was the subject of an ongoing federal investigation, the U.S. Attorney instructed Scottrade not to immediately publicly disclose the cyberattack. Once authorized by the U.S. Attorney to do so, Scottrade publicly announced the cyberattack and sent an email notification to those customers whose information may have been affected. (Ex. A, Compl. ¶¶ 80-82).

4.  That notice, dated October 2, 2015, was sent to approximately 817,477 Scottrade customers with California addresses. (Ex. A, Compl. ¶¶ 82, 100; Ex. B, Declaration of S. Starkey ¶ 3).

5.  Just two days after Scottrade sent its notice, Plaintiff Stephen Hine filed a putative class action in the U.S. District Court for the Southern District of California making the same general allegations against Scottrade he now makes in

the instant putative class action. *See Hine v. Scottrade, Inc.*, 15-CV-2213W-JMA, (S.D. Cal.), ECF No. 1.

6. Plaintiff agreed to transfer his case to the U.S. District Court for the Eastern District of Missouri, and the case was transferred on December 30, 2015. *Id.*, ECF No. 18.

7. Plaintiff then agreed to consolidate his action with other actions against Scottrade stemming from the same cyberattack. On February 9, 2016, the Eastern District of Missouri consolidated Plaintiff's case with three nearly identical putative class actions, and the plaintiffs proceeded to file a consolidated class action complaint ("Consolidated Complaint"), attached hereto as Exhibit C. *Duqum v. Scottrade, Inc.*, No. 4:15-CV-1537 (E.D. Mo.), ECF Nos. 38, 40.

8. Scottrade moved to dismiss the Consolidated Complaint, and on July 12, 2016, the Eastern District of Missouri entered an order dismissing the Consolidated Complaint for failure to allege injury-in-fact sufficient to satisfy Article III standing requirements. *Id.*, ECF No. 75. The court subsequently entered final judgment on the Consolidated Complaint, dismissing the claims with prejudice on August 2, 2016. *Id.*, ECF No. 80.

9. One of the co-plaintiffs in the consolidated action, represented by the same counsel representing Plaintiff here, appealed to the Eighth Circuit. Plaintiff did not participate in that appeal. He instead filed the instant putative class action against Scottrade on October 7, 2016, in the Superior Court of the State of California, County of San Diego.

10. Scottrade first removed Plaintiff's Complaint to this Court on November 11, 2016, invoking the Court's CAFA jurisdiction. *No. 16-CV-2787 JM JLB*, ECF No. 1. Plaintiff moved to remand on the sole basis of the Missouri court's finding that Plaintiff lacked Article III standing and thus, according to Plaintiff, this Court lacked subject-matter jurisdiction over Plaintiff's claims. *Id.* at ECF No. 4-1. Plaintiff did not contest that this case met the jurisdictional requirements of CAFA.

*Id*.

11. On January 13, 2017, this Court entered an Order remanding Plaintiff's case to San Diego County Superior Court. In doing so, the Court held "[b]oth parties agree that, based on the Eastern District of Missouri's ruling, Hine does not have standing to pursue this claim in federal court **unless and until the Eighth Circuit reverses that ruling**. This means that this court does not have subject matter jurisdiction over the case." *Id.* at ECF No. 14, p. 3 (emphasis added).

12. On August 21, 2017, the Eighth Circuit issued its opinion in Hine's co-plaintiff's appeal of the Consolidated Complaint. (Ex. D, Opinion, *Matthew Kuhns v. Scottrade, Inc.,* No. 16-3542).

13. The Eighth Circuit reversed the Eastern District of Missouri's finding that Hine and his co-plaintiffs lacked standing, concluding that "plaintiffs have Article III standing," but nonetheless affirming the dismissal "with prejudice because the Consolidated Complaint did not state claims upon which relief can be granted." *Id.* at 2. The Judgment issued by the Eighth Circuit specifically lists Plaintiff Stephen Hine as bound by its decision. (Ex. E, Judgment, *Matthew Kuhns v. Scottrade*, No. 16-3542).

14. The allegations in the instant class action Complaint are substantively identical to those in the Consolidated Complaint that was dismissed with prejudice by the Eastern District of Missouri and appealed to the Eighth Circuit. (*Compare* Ex. A, Compl. with Ex. C, Consolidated Compl.). Plaintiff conceded in his motion to remand that his "current complaint is the same as the complaint that was the basis of the prior dismissal order." *No. 16-CV-2787 JM JLB*, ECF No. 4-1, p. 1.

15. Plaintiff alleges, *inter alia*, that he and a putative class of "[a]ll California residents whose personal or financial information was compromised as a result of the data breach first disclosed by Scottrade on or about October 2, 2015" are entitled to monetary and other damages from Scottrade due to Scottrade's alleged failure to maintain adequate cybersecurity measures, which he alleges

resulted in the cybersecurity incident at issue. (Ex. A, Compl. ¶¶ 2, 100).

16. Plaintiff's Complaint purports to bring claims for breach of contract, breach of implied contract, unjust enrichment, declaratory relief, violations of the California Customer Records Act, and violations of the California Unfair Competition Law. (Ex. A, Compl. ¶¶ 107-173). Plaintiff seeks to recover, individually and on behalf of the putative class, an unspecified amount of damages that includes restitution of fees paid to Scottrade, damages based on the value of the accessed personal information, other compensatory damages, punitive damages, injunctive relief, and attorney's fees. (Ex. A, Compl. ¶¶ 113, 124, 142, 147, 151, 165, 172).

17. In addition to alleging that he and the putative class members are entitled to a refund of some portion of the $7 per trade that each California customer paid Scottrade to execute trades, Plaintiff also alleges that "one study . . . determined that U.S. consumers valued the restriction of improper access to their [personal information]—the very injury at issue here—between $11.33 and $16.58 per website." (Ex. A, Compl. ¶¶ 12, 21, 34, 124).

18. Plaintiff further alleges that putative class members may have incurred fees to "place a 'security freeze' on [their] credit report[s]" and that the costs associated with doing so would be "$5-$10 each time [a freeze] is placed at each of the three credit reporting agencies (Experian, Equifax, and Transunion)," in addition to "an associated fee each time to lift the freeze." (Ex. A, Compl. ¶ 92).

19. Scottrade disputes the legal and factual validity of Plaintiff's claims, including the damages requested by Plaintiff and the putative class. It further denies that the putative class proposed by Plaintiff is appropriate for class certification.

## REMOVAL UNDER THE CLASS ACTION FAIRNESS ACT

20. Given the allegations in Plaintiff's Complaint, removal is proper under CAFA, 28 U.S.C. § 1332(d).

21. CAFA authorizes the removal of any class action in which:

   a. the aggregate amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest and costs";

   b. minimal diversity exists—e.g., "any member" of the proposed class is "a citizen of a State different from any defendant"; and

   c. there are at least 100 members in the proposed class.

28 U.S.C. § 1332(d)(2), (d)(5)(B), (d)(6); *see also Serrano v. 180 Connect, Inc.*, 478 F.3d 1018, 1021-22 (9th Cir. 2007). Each of these jurisdictional requirements is met here.

### *Aggregate Amount in Controversy*

22. Plaintiff did not expressly allege an amount in controversy in his Complaint. When the Complaint does not state an amount in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). Compensatory damages, punitive damages, attorneys' fees, and the value of injunctive relief may all be considered in determining the aggregate amount in controversy for CAFA purposes. *See Bell v. Preferred Life Assurance Soc'y of Montgomery, Ala.*, 320 U.S. 238, 243 (1943) (punitive damages); *Garibay v. Archstone Comtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013) (attorney's fees); *Tuong Hoang v. Supervalu Inc.*, 541 F. App'x 747, 748 (9th Cir. 2013) (injunctive relief).

23. Plaintiff's damages theories are wholly without merit (as evidenced by the Eighth Circuit's recent dismissal of the Consolidated Complaint on Rule 12(b)(6) grounds, with prejudice, for failure to allege damages), and the putative class members are not entitled to any of the damages requested in Plaintiff's Complaint. Furthermore, the Eighth Circuit's ruling has a *res judicata* effect on Plaintiff's Complaint and should result in the dismissal of Plaintiff's Complaint, with prejudice. Nevertheless, taking the allegations in Plaintiff's Complaint at face value for removal purposes only, the alleged compensatory damages sought by the

putative class alone satisfy the CAFA amount-in-controversy requirement:

    a.    The putative class seeks to recover damages based on the alleged value of their personal information. While Scottrade strongly disagrees with Plaintiff's theory that the putative class members' personal information has a monetary value, the Complaint nonetheless cites a study estimating the alleged monetary value of such information as $11.33 to $16.58 per class member. (Ex. A, Compl. ¶ 21).

    b.    Scottrade sent the October 2, 2015 notice to approximately 817,477 customers with California addresses. (Ex. B, Aff. of S. Starkey ¶ 3).

    c.    The amount in controversy as alleged in the Complaint, based solely on the alleged value of the accessed personal information, is between $9,262,014.41 (817,477 multiplied by $11.33) and $13,553,768.66 (817,477 multiplied by $16.58).

This calculation does not take into account the additional alleged compensatory damages sought by the putative class, including, but not limited to, a refund of some portion of all monies paid to Scottrade by its California customers and costs associated with alleged credit monitoring.

24. The compensatory damages sought by the putative class meet the $5 million CAFA amount-in-controversy threshold.

25. While Scottrade denies that the putative class is entitled to compensatory damages or any other form of relief, the other categories of damages sought by the putative class—*e.g.*, punitive damages, attorneys' fees, and injunctive relief—further confirm that this action satisfies the CAFA amount-in-controversy requirement for removal purposes.

*Minimal Diversity*

26. Plaintiff alleges that he is a citizen and resident of San Diego,

California. (Ex. A, Compl. ¶ 10). He further alleges that Scottrade is a Missouri corporation with its headquarters and principal place of business in Missouri. (Ex. A, Compl. ¶ 14).

27. Minimal diversity exists here because Plaintiff is a citizen of California, and Scottrade is a citizen of Missouri (where it is headquartered) and Arizona (where it is incorporated) under 28 U.S.C. § 1332(c)(1).

*Numerosity*

28. Although Plaintiff alleges that the class may include more persons than those who were sent the October 2, 2015 notice, the putative class contains at least 817,477 members. (Ex. A, Compl. ¶ 100; Ex. B, Aff. of S. Starkey ¶ 3).

29. Thus, there are at least 100 members in the proposed class, and the minimum numerosity requirement under CAFA is satisfied.

30. Because the amount in controversy satisfies the $5 million CAFA threshold for removal purposes, the putative class numbers approximately 817,477, and minimal diversity is satisfied, this case is properly removable under CAFA. 28 U.S.C. § 1332(d); *Serrano*, 478 F.3d at 1021-22.

## CONCLUSION

31. The Eighth Circuit's August 21, 2017 opinion reversing the lower court's standing ruling constituted a "relevant change in circumstances" and "intervening case law" that triggered Scottrade's right to a successive removal of Plaintiff's Complaint. *See, e.g., Taylor v. Cox Commc'ns Cal., LLC,* 672 Fed. App'x 734, 735 (9th Cir. 2016) (allowing successive removal where new amount in controversy ruling was a "relevant change in circumstances"); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (where a district court's initial remand decision "subsequently became incorrect" as a result of intervening Supreme Court decision, successive removal under CAFA was permitted).

32. Scottrade timely files this renewed notice of removal within thirty days of the Eighth Circuit opinion from which Scottrade was first able to ascertain its

right to successive removal of Plaintiff's Complaint. *See Goodman v. Wells Fargo Bank, N.A.*, 602 Fed. App'x 681, 682 (9th Cir. 2015).

33. Removal to the U.S. District Court for the Southern District of California is proper because this district embraces the Superior Court of the County of San Diego, the place where this action was originally filed. *See* 28 U.S.C. §§ 1446(a), 1453(b).

34. Scottrade has attached hereto as **Exhibit A** a copy of Plaintiff's "Class Action Complaint," together with all "process, pleadings, and orders served upon Scottrade," as mandated by 28 U.S.C. § 1446(a).

35. Contemporaneously herewith, Scottrade has provided Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). A copy of the notice that will be filed with the Clerk of the San Diego Superior Court of San Diego County, California is attached hereto as **Exhibit F**.

36. Scottrade has given the undersigned counsel authority to sign and file this Notice of Removal.

WHEREFORE, Scottrade respectfully removes the action styled *Hine v. Scottrade, Inc.*, No. 37-2016-00035493-CU-MC-CTL, pending in the Superior Court of the State of California, County of San Diego, to this Court.

DATED: September 5, 2017        **Respectfully submitted,**

                                **THOMPSON COBURN LLP**


                                By:    *s/ Helen B. Kim*
                                       **HELEN B. KIM**
                                       Attorneys for Defendant
                                       SCOTTRADE, INC.
                                       E-mail: hkim@thompsoncoburn.com

6614841

9

SCOTTRADE, INC.'S RENEWED NOTICE OF REMOVAL

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and **not a party to this action.** I am employed in the County of Los Angeles, State of California. My business address is 2029 Century Park East, Suite 1900, Los Angeles, CA 90067.

On September 5, 2016, I served true copies of the following document(s) described as **SCOTTRADE, INC.'S RENEWED NOTICE OF REMOVAL** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on September 5, 2017 at Los Angeles, California.

Michelle Wessman

| | |
|---|---|
| 1 | |
| 2 | BLOOD HURST & O'REARDON, LLP<br>Timothy G. Blood (Cal. 149343) |
| 3 | Thomas J. O'Reardon II (Cal. 247952)<br>Paula R. Brown (Cal. 254142) |
| 4 | 701 B. Street, Ste. 1700<br>San Diego, CA 92101 |
| 5 | Tel: 619/338-1100<br>Fax: 619/338-1101 |
| 6 | tblood@bholaw.com<br>toreardon@bholaw.com |
| 7 | pbrown@bholaw.com |
| 8 | SIPRUT PC<br>Joseph J. Siprut (Ill. 6279813) |
| 9 | Richard L. Miller II (Ill. 6243507)<br>Richard S. Wilson (Ill. 6321743) |
| 10 | 17 North State Street, Suite 1600<br>Chicago, IL 60602 |
| 11 | Tel: 312/236-0000<br>Fax: 312/878-1342 |
| 12 | jsiprut@siprut.com<br>rmiller@siprut.com |
| 13 | rwilson@siprut.com |
| 14 | LITE DE PALMA GREENBERG<br>Katrina Carroll (Ill. 6291405) |
| 15 | Kyle A. Shamberg (Ill. 6300832)<br>211 W. Wacker Drive, Suite 500 |
| 16 | Chicago, IL 60606<br>Tel: 312/750-1265 |
| 17 | Fax: 312/212-5919<br>kcarroll@litedepalma.com |
| 18 | kshamberg@litedepalma.com<br>COHELAN KHOURY & SINGER |
| 19 | Timothy D. Cohelan (Cal. 60827)<br>J. Jason Hill (Cal. 179630) |
| 20 | 605 C Street, Suite 200<br>San Diego, CA 92101 |
| 21 | Tel: 619/595-3001<br>Fax: 619/595-3000 |
| 22 | tcohelan@ckslaw.com<br>jhill@ckslaw.com |
| 23 | |
| 24 | SPRETER LAW FIRM, APC<br>Geoff Spreter (Cal. 257707) |
| 25 | Jeffrey Bennion (Cal. 275946)<br>601 3rd Street |
| 26 | Coronado, CA 92118<br>Tel: 619/865-7986 |
| 27 | geoff@spreterlaw.com |
| 28 | |

6614841

11

SCOTTRADE, INC.'S RENEWED NOTICE OF REMOVAL

| | |
|---|---|
| 1 | E. ELLIOT ADLER (Cal. 229030) |
| | 402 W. Broadway, Suite 860 |
| 2 | San Diego, CA 2101 |
| | Tel: 619/531-8700 |
| 3 | Fax: 619/342-9600 |
| | elliotadler@gmail.com |
| 4 | |
| | DOGALI LAW GROUP, P.A. |
| 5 | Anthony Anderson Benton Dogali (Fla. 615862) |
| 6 | Geoffrey F. Parmer (Fla. 989258) |
| | 101 E. Kennedy Blvd., Suite 1100 |
| 7 | Tampa, FL 33602-5146 |
| | Tel: 813/289-0700 |
| 8 | Fax: 813/289-9435 |
| | gparmer@dogalilaw.com |
| 9 | |
| | LOCKRIDGE AND GRINDAL |
| 10 | Kate M. Baxter-Kauf (Minn. 0392037) |
| | Karen Hanson Riebel (Minn. 0219770) |
| 11 | 100 Washington Avenue S., Suite 2200 |
| | Minneapolis, MN 55401 |
| 12 | Tel: 612/339-6900 |
| | Fax: 612/339-0981 |
| 13 | kmbaxter-kauf@locklaw |
| | kriebekh@locklaw.com |